Presented by
**Marc K. Sellers**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981
Fax (503) 796-2900
E-mail msellers@schwabe.com
OSB #79107
    Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DENIS GERARD MCALEESE, LUCILLE MCALEESE and MCALEESE, INC., an Oregon corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>DEAN KALIVAS, aka "DEAN KALIVAS, ATTORNEY AT LAW,"<br><br>    Defendant. | CV 03-865 BR<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This case came on regularly for trial before the Court sitting without a jury on May 31, 2005, with Marc K. Sellers appearing as the attorney for all of the Plaintiffs. Defendant did not appear at the trial.

Previously, following briefing by the parties and a hearing on the issue of default on March 15, 2004, Defendant was found to be in default in this action, having failed to answer the Complaint in timely fashion as required by law, and having failed to demonstrate justification for failing to do so. Accordingly, the issue presented for trial was the amount of damages sustained by the Plaintiffs because of Defendant's conduct as alleged in the Complaint. Opinion and Order dated March 17, 2004.

Page 1    FINDINGS OF FACT AND CONCLUSIONS OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/054959/134116/MKS/1333685.1

In addition to the issue of damages at the trial of this matter, the Court required the Plaintiffs to substantiate facts sufficient to sustain the prima facie elements of their claims of racketeering against the Defendant.

The Court having heard the testimony and having examined the proofs offered by the parties, and having directed that judgment be entered in accordance with them, hereby makes the following facts and conclusions of law.

## FINDINGS OF FACT

1. Plaintiffs Denis Gerard McAleese and Lucille McAleese are husband and wife. They are residents of Portland, Oregon.

2. Plaintiff McAleese, Inc. is an Oregon corporation, having its principal place of business in Portland, Oregon.

3. Plaintiff McAleese Inc. is wholly-owned by plaintiffs Denis Gerard and Lucille McAleese.

4. Defendant Dean Kalivas is a resident of the state of Washington.

5. From and after approximately 1996, Defendant represented himself to Plaintiffs to be an attorney licensed to practice law in the state of Washington. Defendant made those representations to Plaintiffs personally while he was present in Oregon, and also by telephone at times when he was located outside of Oregon. Defendant has never been licensed to practice law in the state of Washington.

6. Defendant, while in Oregon, offered to provide legal representation to McAleese, Inc. in its business of purchasing and owning real estate.

7. As a result of Defendant's solicitations, Plaintiffs engaged Defendant to represent them and compensated Defendant for legal services he performed in the states of Oregon and Washington.

8. In connection with his relationship with Plaintiffs as their lawyer, Defendant represented that he would conduct the business affairs of Plaintiffs as a fiduciary. Defendant made those representations personally while in Oregon and also by telephone and through the United

Page 2   FINDINGS OF FACT AND CONCLUSIONS OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/054959/134116/MKS/1333685.1

States Mail when defendant was located outside of Oregon.

9. In establishing an attorney-client relationship with Plaintiffs, Defendant assumed fiduciary duties and obligations to them.

10. From approximately 1996 through May 2003, in his capacity as Plaintiffs' attorney Defendant obtained and retained control over the business operations and affairs of Plaintiff McAleese, Inc., including deposit and withdrawal authority over its checking account at U.S. National Bank.

11. Defendant exerted his authority over the business operations and affairs, and over the bank account, of Plaintiff McAleese, Inc. personally and through the use of the telephone and the United States Mail.

12. From approximately 1996 through May 2003, Defendant exerted his control over the business operations and affairs of Plaintiff McAleese, Inc., and its bank account, to cause assets, including money of Plaintiff McAleese, Inc. to be diverted, spent and depleted in investing in business ventures, enterprises and entities owned or controlled by Defendant. Those business ventures, enterprises and entities include R.H. Tree Farms, Inc., a Nevada corporation; Bolser Enterprises, Inc., a Nevada corporation; Glengarry, Inc., a Nevada corporation; and HJS LLC, a Washington limited liability company. Defendant did not disclose to Plaintiffs any of those expenditures of funds belonging to Plaintiff McAleese, Inc.

13. Defendant knowingly and willfully caused the business enterprise and bank account of McAleese, Inc. to be depleted for purposes of benefiting Defendant with fraudulent intent. That benefit was obtained by Defendant to the detriment of Plaintiffs, and each of them. Defendant intentionally concealed his conduct from the Plaintiffs.

14. The total amount of funds belonging to Plaintiffs and paid by Defendant to himself and to business ventures, enterprises and entities owned or controlled by Defendant is not less than $409,499.00.

15. Defendant knowingly and willfully used his relationship with Plaintiffs, as their attorney, to fraudulently convert sums belonging to McAleese, Inc., in an aggregate amount of not less than $409,499.00, to his own ownership, use and benefit.

Page 3    FINDINGS OF FACT AND CONCLUSIONS OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/054959/134116/MKS/1333685.1

16. In the course of representing Plaintiffs as their attorney, Defendant made numerous and repeated false statements to third parties, including potential lenders, and submitted falsified documents on behalf of Plaintiffs McAleese to prospective lenders. Those documents included falsified financial statements, falsified copies of income tax returns, and other false representations of fact concerning Plaintiffs. Defendant made his false statements on the telephone and also in writing using the United States Mail.

17. Defendant did not inform Plaintiffs of the fraudulent nature of his conduct or of the falsity of his statements or the documents he prepared and submitted to various third parties on their behalves. Defendant acted willfully and intentionally and without Plaintiffs' knowledge or consent.

18. In making false statements to third parties, including prospective lenders, Defendant knowingly and intentionally breached his fiduciary duties to Plaintiffs.

19. During 2000 and subsequently Defendant caused Plaintiff McAleese, Inc. to purchase several pieces of excavation equipment. These transactions were not previously authorized by Plaintiffs and were not disclosed to Plaintiffs by Defendant prior to the completion of these transactions. Defendant was not authorized to sign such documents on behalf of any of the Plaintiffs or to incur any debts on their respective behalves.

20. During 2002 defendant presented to Banner Bank, a Washington lending institution, certain documents including a promissory note in the principal sum of $2,568,000 allegedly signed by plaintiffs Denis Gerard and Lucille McAleese. The promissory note was presented by Defendant in order to obtain a loan from Banner Bank in the principal sum of $2,568,000 to HJS LLC, a Washington limited liability company with which Defendant had financial and attorney-client relationships that he concealed from Plaintiffs. The signatures of Denis Gerard and Lucille McAleese on the promissory note were forged. Plaintiffs had no knowledge of the promissory note, of Defendant's financial and fiduciary relationships with the borrower, HJS LLC, or of the loan transaction. Plaintiffs did not authorize or direct Defendant to execute any loan documents on their behalves.

Page 4    FINDINGS OF FACT AND CONCLUSIONS OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/054959/134116/MKS/1333685.1

21. In presenting the forged promissory note to Banner Bank, Defendant acted with fraudulent intent.

22. Subsequently Banner Bank sued Plaintiffs Denis Gerard and Lucille McAleese for recovery on the promissory note (Snohomish County, Wa. Superior Court case no. 03-2-05105-3).

23. Plaintiffs contacted Defendant and requested that he represent them as their attorney at law in defending against the lawsuit brought by Banner Bank. Defendant agreed to represent and defend Plaintiffs in the lawsuit.

24. Defendant failed to enter an appearance on behalf of Plaintiffs in the Banner Bank lawsuit. Instead, and without notifying Plaintiffs or obtaining their authorization to do so, Defendant enlisted the assistance of Ben Hankin, a licensed Washington state attorney, and together with Ben Hankin prepared and filed an Answer to Banner Bank's Complaint. Defendant knowingly and willfully filed an Answer to the Complaint in that case in which Defendant fraudulently admitted Plaintiffs' execution of the promissory note to Banner Bank. Defendant concealed these actions from Plaintiffs.

25. Banner Bank subsequently obtained summary judgment on the issue of Plaintiffs' liability on the promissory note. The amount of the judgment entered in favor of Banner Bank and against Plaintiffs Denis Gerard and Lucille McAleese was $2,796,529.41, comprised of:

| | |
|---|---|
| Principal: | $2,493,385.79 |
| Interest through May 30, 2003: | $286,910.77 |
| Costs of title search: | $5,415.00 |
| Costs of suit incurred by Banner Bank: | $468.25 |
| Attorney fees incurred by Banner Bank: | $10,350.00 |

26. Plaintiffs Denis Gerard and Lucille McAleese subsequently settled the judgment with Banner Bank in consideration of the sum of $800,000, which Plaintiffs paid to Banner Bank.

27. Plaintiffs have incurred damages as a result of Defendant's knowing, intentional and fraudulent conduct in an aggregate amount of not less than $927,184.50, comprised of:

| | |
|---|---|
| Settlement payment to Banner Bank: | $800,000.00 |

Page 5   FINDINGS OF FACT AND CONCLUSIONS OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981
PDX/054959/134116/MKS/1333685.1

Attorney fees and costs reasonably incurred to defend against the claims of Banner Bank (Schwabe, Williamson and Wyatt, Attorneys):           $104,414.50

Attorney fees and costs reasonably incurred to settle judgment with Banner Bank (Janet Irons, Attorney at Law):           $22,770.00

28. Defendant's access to and control over the assets, bank account, and business enterprise of McAleese, Inc. were obtained by Defendant fraudulently.

29. In incurring indebtedness on behalf of Plaintiffs without their authorization and in concealing those transactions from Plaintiffs, Defendant acted fraudulently.

30. In presenting Banner Bank with a promissory note bearing the forged signatures of Plaintiffs Denis Gerard and Lucille McAleese in connection with a financial transaction of which they had no knowledge, Defendant acted fraudulently.

31. Plaintiffs and Defendant are "individuals" within the meaning of 18 USC § 1961(e).

32. Defendant has engaged in acts of racketeering including mail fraud (18 USC § 1341) and wire fraud (18 USC § 1343).

33. Defendant utilized his control over McAleese, Inc. to divert and disburse funds from the corporate bank account of Plaintiff McAleese, Inc. to Defendant and to persons or entities related to or controlled by Defendant. Defendant's repeated conduct, including fraudulent acts carried on through the mail and by fax and telephone, constitute a "pattern of racketeering activity," within the meaning of 18 USC § 1961(5).

34. Defendant's use of his control over McAleese, Inc. and its corporate bank account, together with acts of mail fraud and wire fraud, as well as the presentation of falsified and fraudulent financial and other documents to third parties, including the presentation of the forged promissory note to Banner Bank, constitute an "enterprise" that has injured the Plaintiffs, within the meaning of 18 USC § 1962.

35. Defendant received income, directly or indirectly, from a pattern of racketeering activity including the unauthorized and fraudulent payment of funds belonging to Plaintiff

Page 6    FINDINGS OF FACT AND CONCLUSIONS OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/054959/134116/MKS/1333685.1

McAleese, Inc. to Defendant and to business ventures, enterprises and entities owned or controlled by defendant, including, R.H. Tree Farms, Inc., Bolser Enterprises, Inc., Glengarry, Inc., and HJS LLC.

36. The sum procured by Defendant through his control of McAleese, Inc. as an enterprise in the course of his racketeering activities is not less than $409,499.

37. In presenting Banner Bank with a promissory note bearing the forged signatures of Plaintiffs Denis Gerard and Lucille McAleese in connection with a financial transaction of which they had no knowledge, Defendant advanced his pattern of racketeering activity through the knowing and willful presentation of falsified documents with the intent to obtain funds through fraud. The entire amount of liability incurred by Plaintiffs through Defendant's presentation of the promissory note, including the sum of $800,000 paid to Banner Bank plus their attorney fees and costs of defense against the Banner lawsuit, are damages incurred as a direct result of Defendant's racketeering activities.

38. Plaintiffs have been damaged by Defendant's racketeering activities in an amount not less than $1,336,603.50, consisting of the amounts stated in findings numbers 27 and 36, above.

39. Plaintiffs have incurred additional damages consisting of their attorney fees and costs reasonably incurred in bringing this action against Defendant, in amounts to be determined by the Court upon application and substantiation by the Plaintiffs.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this case under 28 USC § 1332 based upon diversity of citizenship and an amount in controversy exceeding $75,000.

2. Defendant's actions entitle Plaintiffs to redress under the provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 USC §§ 1961 et seq., specifically 18 USC § 1964(c)

3. Plaintiffs are entitled to recover three-fold damages and their reasonable attorney fees and costs of suit under the provisions of 18 USC § 1964(c).

Page 7    FINDINGS OF FACT AND CONCLUSIONS OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/054959/134116/MKS/1333685.1

4. Plaintiffs' three-fold damages under 18 USC § 1964(c) are in the sum of $4,010,050.50, plus additional damages consisting of their attorney fees and costs reasonably incurred in bringing this action against Defendant, in amounts to be determined by the Court upon application and substantiation by the Plaintiffs.

5. Plaintiffs are not entitled to any award of punitive or exemplary damages for purposes of ORS 31.735, or otherwise.

Dated this 17th day of March, 2006.

By: _____
Anna J. Brown
United States District Judge

Page 8    FINDINGS OF FACT AND CONCLUSIONS OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/054959/134116/MKS/1333685.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2006 , I served FINDINGS OF FACT AND CONCLUSIONS OF LAW, on the following party at the following address:

> Dean Kalivas
> 1420 Fifth Avenue, Suite 2200
> Seattle, WA 98101

by mailing and faxing to him a true and correct copy thereof, certified by me as such, placed in a sealed envelope addressed to him at the address set forth above, and deposited in the U.S. Post Office at Portland, Oregon, on said day with postage prepaid

_____
Marc K. Sellers

1 -- CERTIFICATE OF SERVICE