FILED'06 JUN 09 14:53 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENIS GERARD McALEESE; LUCILLE                   CV 03-865-BR
McALEESE; and McALEESE, INC.,

                                                  OPINION AND ORDER

                    Plaintiffs,

v.

DEAN KALIVAS aka Dean Kalivas,
Attorney at Law,

                    Defendant.


MARC K. SELLERS
Schwabe Williamson & Wyatt PC
1211 SW Fifth Avenue, Suite 1800
Portland, OR  97204
(503) 796-2917

          Attorneys for Plaintiffs


1 - OPINION AND ORDER

**DEAN KALIVAS**
Attorney at Law
1420 Fifth Ave, #2200
Seattle, WA 98101
(206) 369-7339

Defendant, *Pro Se*

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion for
an Order Awarding Attorney's Fees, Costs, and Expenses (#83).

For the reasons that follow, the Court **GRANTS** Plaintiffs'
Motion and awards attorneys' fees to Plaintiffs in the amount of
**$115,802.62.** The Court also awards costs to Plaintiffs in the
amount of **$14,512.22.**

## BACKGROUND

On June 27, 2003, Plaintiffs filed a Complaint alleging
Defendant, acting as their attorney and as a fiduciary, breached
his fiduciary duties, committed legal malpractice, and engaged in
fraud and racketeering in connection with various business
ventures. Plaintiffs sought compensatory, treble, and punitive
damages as well as their costs and attorneys' fees. Plaintiffs
served the Complaint on July 9, 2003.

On August 1, 2003, Plaintiffs moved for an Entry of Default
Judgment due to Defendant's failure to appear within 20 days.
The Motion and supporting documents were in order, and the Clerk
of Court, therefore, entered Defendant's default of record on

2 - OPINION AND ORDER

August 8, 2003.  The amount of Plaintiffs' damages, however, was
not readily ascertainable from the record.  On August 13, 2003,
the Court, therefore, set a *prima facie* hearing on the issue of
damages for August 26, 2003.

In the meantime, Defendant filed an Answer to Plaintiffs
Complaint on August 13, 2003, without leave to file his Answer
late.

Defendant did not appear at the *prima facie* hearing, and he
informed the Court that he did not receive notice of the
proceeding in time to attend.  The Court continued the hearing to
September 22, 2003, to ensure Defendant had sufficient notice and
an opportunity to be heard.

On September 12, 2003, Defendant filed a Motion for Leave to
File Past-Due Answer and to Vacate Default.

On September 22, 2003, Defendant appeared *pro se* for the
*prima facie* hearing.  Plaintiffs offered testimony and other
evidence to support their claims for damages, and Defendant
cross-examined witnesses and made factual and legal arguments.
Defendant's Motion for Leave to File Past-Due Answer, however,
was not supported by any pertinent legal analysis, and Plaintiffs
had not filed a response to Defendant's Motion for leave at the
time of the hearing.  Accordingly, the Court set a briefing
schedule and a date for another hearing to take place on
January 18, 2004.  Due to inclement weather and other scheduling

3 - OPINION AND ORDER

problems, however, that hearing was continued to March 15, 2004.

On March 17, 2004, the Court issued an Opinion and Order in which it denied Defendant's Motion to File Past-Due Answer and declined to set aside the Default Judgment on the ground that the entry of default was the result of Defendant's culpable conduct.

Thereafter, the parties attempted to settle the case, but it became apparent they were unable to do so.  The Court then ordered the parties to proceed to trial.

A trial to the Court was scheduled to begin on May 31, 2005, as to the issue of the amount of damages sustained by Plaintiffs as a result of Defendant's actions.  The Court received Plaintiffs' evidence, but Defendant did not appear at trial.  On the same day, however, the Court received a letter from Defendant in which he informed the Court he had filed Chapter 13 bankruptcy proceedings in the United States Bankruptcy Court for the District of Nevada on May 27, 2005.  The Court, therefore, held in abeyance its resolution of the matter.

On June 6, 2005, Plaintiffs reported to the Court that an automatic stay was in effect as of May 27, 2005, because of Defendant's bankruptcy case, and the stay would prevent the Court from entering a judgment in this matter until the stay was lifted.  Plaintiffs obtained a change of venue for Defendant's bankruptcy to the United States Bankruptcy Court for the Western District of Washington.  The Bankruptcy Court ultimately ordered

4 - OPINION AND ORDER

relief from the automatic stay so this Court could enter a
judgment in this case.

On March 17, 2006, after notice that the Bankruptcy Court
had lifted the stay, this Court entered Findings of Fact and
Conclusions of Law in which the Court concluded Defendant's
actions entitled Plaintiffs to redress under the provisions of
the Racketeer Influenced and Corrupt Organizations Act (RICO), 18
U.S.C. § 1961, *et seq.*, and Plaintiffs were entitled to recover
threefold damages and reasonable attorneys' fees and costs
pursuant to 18 U.S.C. § 1964(c).  The Court entered a Judgment
awarding Plaintiffs $4,010,050.50 in damages and reasonable
attorneys' fees and costs.

On April 10, 2006, Plaintiffs filed a Motion for an Order
Awarding Attorneys' Fees, Costs, and Expenses.  Defendant did not
file a response to the Motion.

## DISCUSSION

Plaintiffs seek attorneys' fees in the amount of $128,350.75
incurred in this action, $21,544.53 incurred in the Nevada
bankruptcy action, and $22,792.77 incurred in the Washington
bankruptcy action.  In addition, Plaintiffs seek costs in the
amount of $18,504.66 in connection with this action, $2,070.53
related to the Nevada bankruptcy action, and $1,295.89 related to
the Washington bankruptcy action.

5 - OPINION AND ORDER

I.    **This Court Will Not Award Attorneys' Fees or Costs to
      Plaintiffs for the Nevada and Washington Bankruptcy Actions**

    18 U.S.C. § 1964(c) provides in pertinent part:

> Any person injured in his business or property by
> reason of a violation of *section 1962 of this
> chapter* may sue therefor in any appropriate United
> States district court and shall recover threefold
> the damages he sustains and *the cost of the suit*,
> *including a reasonable attorney's fee.*

Emphasis added.

    Plaintiffs seek attorneys' fees and costs under § 1964 for

the Nevada and Washington bankruptcy actions in addition to this

matter.  Section 1964, however, only authorizes fees incurred for

litigating actions that address violations of RICO.  In other

words, the statute allows fees for the cost of "the suit," but

not for related matters.  Moreover, Plaintiffs do not cite nor

can this Court find any authority that allows the Court to award

attorneys' fees under § 1964 that were incurred in bankruptcy

actions.

    Accordingly, the Court denies Plaintiffs' request for an

award of award attorneys' fees incurred as a result of the Nevada

and Washington bankruptcy actions.

II.   **Plaintiffs Are Entitled to Reasonable Attorneys' Fees and
      Costs for This Matter.**

    As noted, 18 U.S.C. § 1964(c) mandates an award of

attorneys' fees and costs for Plaintiffs who succeed on RICO

claims.

6 - OPINION AND ORDER

## III. **Plaintiffs Are Entitled to Attorneys' Fees of $115,802.62.**

### A. **Standards**

The Ninth Circuit has adopted a lodestar/multiplier
approach for assessing the amount of reasonable attorneys' fees.
*Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9ᵗʰ Cir. 1993). The
lodestar/multiplier analysis is made up of two parts. The court
first calculates the lodestar amount by multiplying the number of
hours the court finds the prevailing party reasonably expended on
the litigation by a reasonable hourly rate. *Morales v. City of
San Rafael*, 96 F.3d 359, 363 (9ᵗʰ Cir. 1996). The party seeking
the award of fees must submit evidence to support the number of
hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut.
Life Co.*, 214 F.3d 1041, 1045 (9ᵗʰ Cir. 2000). "A district court
should exclude from the lodestar amount hours that are not
reasonably expended because they are 'excessive, redundant, or
otherwise unnecessary.'" *Id.* (citation omitted).

To determine the lodestar, the court may consider the
following factors: (1) the time and labor required; (2) the
novelty and difficulty of the questions involved; (3) the skill
requisite to perform the legal service properly; (4) the
preclusion of other employment by the attorney due to acceptance
of the case; (5) the customary fee; (6) whether the fee is fixed
or contingent; (7) time limitations imposed by the client or the
circumstances;(8) the amount involved and the results obtained;

7 - OPINION AND ORDER

(9) the experience, reputation, and ability of the attorneys;
(10) the undesirability of the case; (11) the nature and length
of the professional relationship with the client; and (12) awards
in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d
67, 70 (9th Cir. 1975). A rote recitation of the relevant
factors is unnecessary as long as the court adequately explains
the basis for the award of attorneys' fees. *McGinnis v. Kentucky
Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

After determining the lodestar amount, the court
assesses whether it is necessary to adjust the lodestar upward or
downward based on factors that are "not already subsumed in the
initial calculation of the lodestar." *Morales*, 96 F.2d at 363-
64. The lodestar amount is presumed to be the reasonable fee,
"and thus a multiplier may be used to adjust the lodestar amount
upward or downward only in rare and exceptional cases, supported
by both specific evidence on the record and detailed findings by
the lower courts that the lodestar amount is unreasonably low or
unreasonably high." *Id.* (citations and internal quotations
omitted).

## B. Analysis

Plaintiff seeks attorneys' fees in the amount of
$128,350.75, which represent approximately six hundred hours at
various rates for 28 individuals. Plaintiff submitted the
Affidavit of Marc K. Sellers together with fee statements that

itemize the hours spent on this matter. Although Defendant did not file a response or objections to the Motion, the Court has an independent duty to review the petition for reasonableness. *See* *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

As a preliminary matter, the Court notes the total amount of fees requested by Plaintiffs in their Motion, which is supported by the Affidavit of Marc Sellers and Exhibit A to that Affidavit, do not match the amount the Court calculated for the requested hours at the requested rates. Although Plaintiffs requested total fees of $128,350.75, the Court calculated the total amount of fees for the number of requested hours at the requested rates as $133,499.69. *See* Exhibit 1 to this Opinion and Order. The Court, nevertheless, assumes $128,350.75 is the amount Plaintiffs believe is appropriate regardless of the discrepancy between Plaintiffs' calculation and the underlying data.

To determine the reasonable hourly rate, this Court uses the most recent Oregon State Bar Economic Survey published in 2002 as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors. Indeed, in *Bell v. Clackamas County,* the Ninth Circuit criticized the use of outdated economic surveys that might not reflect the prevailing rate at the time the award is made. 341 F.3d 858, 868-89 (9th Cir. 2003). Even though this matter was time-consuming for Plaintiffs, the Court finds there is not any

9 - OPINION AND ORDER

justification to award any of the attorneys who performed
services in this action on behalf of Plaintiffs a greater hourly
rate than the benchmark set by the 2002 Oregon State Bar
Economic.  To adjust for the four years between publication of
the 2002 Oregon State Bar Economic Survey and the award in this
case, however, the Court adds an annual three percent (3%)
inflation factor to the appropriate Oregon State Bar Survey
hourly rate for each provider of legal services.

        Plaintiffs did not provide the Court with any
information that identified the experience or skill levels of the
28 individuals who billed time on this matter.  The Court,
therefore, reviewed the Oregon State Bar Directory for
information on the individuals who are members of the Oregon
State Bar.  A number of individuals for whom Plaintiffs request
fees, however, are not members of the Oregon State Bar.   The
Court, therefore, does not have any information on those
individuals as to the number of years of their legal experience,
their skill levels, or their practice areas.  Accordingly, the
Court declines to award the fees requested for the following
individuals:  Russel Robertson, Steven Miller, Alexander
Williams, Deric Luoto, Jacqueline Bollinger, Kathleen Fowzer,
Kathy Severns, Loridel T. Buss, Mark D. Lucwick, Mary O'Brien,
Tina S. Granados, Rosemary S. Cox, and Jill Chickering.

        Moreover, the Court is able to determine with certainty

only that the attorneys listed in the Oregon State Bar Directory

have the number of years of experience reflected in their dates

of admission to the Oregon State Bar.  In other words, the Court

is unable to determine whether any of these attorneys were

admitted earlier to the Bar in other jurisdictions and,

therefore, have more experience.

Alex Poust had between 11 and 14 years of experience

during the course of this matter.  According to the Oregon Bar

Economic Survey, the 75th percentile of Portland attorneys with

this level of experience bills at an average hourly rate of $225.

Absent any information in the record as to Poust's area of

expertise or practice history, the Court concludes a reasonable

rate for Poust's services adjusted for inflation is $246 per

hour.

Donald Krahmer, Jr., had between 15 and 18 years of

experience and Mark Stayer had between 18 and 21 years of

experience during the course of this matter.  According to the

Oregon Bar Economic Survey, the 75th percentile of Portland

attorneys with this level of experience bills at an average

hourly rate of $253.  Absent any information in the record as to

areas of expertise or practice history of either Krahmer or

Stayer, the Court concludes a reasonable rate for their services

adjusted for inflation is $276 per hour.

Gary Roberts had between 29 and 32 years of experience,

11 - OPINION AND ORDER

Jan Kitchel had between 25 and 28 years of experience, and Marc Sellers had between 24 and 27 years of experience during the course of this matter. According to the Oregon Bar Economic Survey, the 75th percentile of Portland attorneys with this level of experience bills at an average hourly rate of $275. Absent any information in the record as to the areas of expertise or practice history of Roberts, Kitchel, or Sellers, the Court concludes a reasonable rate for their services adjusted for inflation is $300 per hour.

Amanda Gamblin and Michael Furlong each had between one and four years of experience; Carrie Wood, Dan Eller, and Ryan Steen each had between one and two years of experience; and Jeff Totten had one year of experience during the course of this matter. According to the Oregon Bar Economic Survey, the median hourly rate of Oregon attorneys with 0-3 years experience is $145. The Court concludes the median hourly rate of $158 per hour adjusted for inflation is appropriate in light of the relative lack of experience and the absence of any additional factors identified by Plaintiffs to justify an hourly rate in excess of the median rate for Gamblin, Furlong, Wood, Eller, Steen, or Totten.

Eric Smith and Mario Madden each had between four and seven years of experience during the course of this matter. According to the Oregon Bar Economic Survey, the 75th percentile

12 - OPINION AND ORDER

of Portland attorneys with this level of experience bills at an
average hourly rate of $185.  Absent any information in the
record as to the areas of expertise or practice history of either
Smith or Madden, the Court concludes a reasonable rate for their
services adjusted for inflation is $202 per hour.

Jeffrey R. Jones had between two and five years of
experience during the course of this matter.  According to the
Oregon Bar Economic Survey, the median hourly rate of Oregon
attorneys with 0-3 years experience is $145 and rate for
attorneys with 4-6 years experience is $158.  The Court concludes
the median hourly rate of $166 per hour adjusted for inflation is
appropriate in light of Jones's relative lack of experience and
the absence of any additional factors identified by Plaintiffs to
justify an hourly rate in excess of the median rate.

In summary, after applying a three (3%) percent per
year inflation factor to the 2002 Oregon State Bar Economic
Survey hourly rates and rounding to the nearest dollar, the Court
concludes the Plaintiffs are entitled to attorneys' fees at the
following hourly rates:

| | |
|---|---|
| Alex Poust | - $246.00 |
| Donald Krahmer, Jr. | - $276.00 |
| Gary Roberts | - $300.00 |
| Jan Kitchel | - $300.00 |
| Mark Stayer | - $276.00 |
| Marc Sellers | - $300.00 |
| Amanda Gamblin | - $158.00 |
| Carrie Wood | - $158.00 |
| Dan Eller | - $158.00 |
| Eric Smith | - $202.00 |

13 - OPINION AND ORDER

| Jeffrey R. Jones | - $166.00 |
| Michael Furlong | - $158.00 |
| Mario Madden | - $202.00 |
| Ryan Steen | - $158.00 |
| Jeff Totten | - $158.00 |

The Court disallows attorneys' fees requested in excess of these
hourly rates.

Accordingly, the Court finds the Plaintiff is entitled
to an award of attorneys' fees of **$115,802.62** as set forth in
Exhibit 1 to this Opinion and Order.

## IV.   Plaintiffs Are Entitled to Costs in the Amount of $14,512.22.

### A.   Standards

Absent a showing of circumstances not relevant here, an
award of costs is generally governed by federal law.  *See In re
Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th
Cir. 1987)(dictum).  Accordingly, the Court finds federal law
governs the award of Costs in this case.

Title 28 U.S.C. § 1920 allows a federal court to tax
specific items as costs against a losing party pursuant to
Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United
> States may tax as costs the  following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any
> part of the stenographic transcript necessarily
> obtained for use in the case;
> (3)Fees and disbursements for printing and
> witnesses;
> (4)Fees for exemplification and copies of papers

14 - OPINION AND ORDER

> necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts,
> compensation of interpreters, and salaries,
> fees, expenses, and costs of special
> interpretation services under § 1828 of this
> title.
>
> A bill of costs shall be filed in the case and,
> upon allowance, included in the judgment or
> decree.

The court has broad discretion to allow or to disallow a
prevailing party to recoup costs of litigation.  The court,
however, may not tax costs beyond those authorized by § 1920.
*Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

## B.  Analysis

As noted, Defendant did not file any objection to
Plaintiffs' requested costs.  Nevertheless, the Court must
examine the requested costs to determine whether they are taxed
properly under § 1920.

Plaintiffs requested $417.44 for the cost of "online
research."  The Court declines to award costs for computerized
legal research because such costs reasonably should be included
in the overhead and hourly rates of Plaintiffs' counsel.  In
addition, Plaintiffs seek $1,750.00 for "accounting fees" and
$1,825.00 for "miscellaneous . . . accounting fees."  The Court
declines to award these costs because it cannot identify any
basis for awarding accounting fees under § 1920.  Plaintiffs also
requested costs for, among other things, deposition transcripts,

15 - OPINION AND ORDER

court reporter fees, and filing fees, which are allowable under § 1920 and which the Court finds to be reasonable.

The Court, therefore, awards costs to Plaintiffs in the amount of **$14,512.22**.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion for an Order Awarding Attorney's Fees, Costs, and Expenses (#83) and **AWARDS** attorneys' fees to Plaintiffs in the amount of **$115,802.62** and costs in the amount of **$14,512.22**.

IT IS SO ORDERED.

DATED this 9th day of June, 2006.


_____
ANNA J. BROWN
United States District Judge


16 - OPINION AND ORDER

03 CV 865

**MCAleese v. Kalivas**
**Motion for Attorneys Fees**

| Attorney | Rate | Hours | Fee | Bar No. | Years Exp. | 2002 Survey Rate 75th % | Updated Rate | Disallowed Fees |
|---|---|---|---|---|---|---|---|---|
| Alex Poust | 290.00 | 1.80 | 522.00 | 92515 | 11-14 | 225 | 245.86 | 79.45 |
| Donald Krahmer, Jr. | 290.00 | 3.50 | 1,015.00 | 88066 | 15-18 | 253 | 276.46 | 47.39 |
| Gary Roberts | 301.73 | 0.40 | 120.69 | 74273 | 29-32 | 275 | 300.5 | 0.49 |
| | 301.72 | 0.50 | 150.86 | | | | | |
| Jan Kitchel | 320.00 | 0.20 | 64.00 | 78471 | 25-28 | 275 | 300.5 | 3.90 |
| Mark Stayer | 260.00 | 1.25 | 325.00 | 85388 | 18-21 | 253 | 276.46 | |
| Marc Sellers | 285.00 | 7.40 | 2,109.00 | 79107 | 24-27 | 275 | 300.5 | |
| | 271.53 | 19.95 | 5,417.02 | | | | | |
| | 271.52 | 16.70 | 4,534.38 | | | | | |
| | 271.50 | 1.00 | 271.50 | | | | | |
| | 270.00 | 46.60 | 12,582.00 | | | | | |
| | 265.00 | 187.40 | 49,661.00 | | | | | |
| | 255.00 | 129.85 | 33,111.75 | | | | | |
| Amanda Gamblin | 205.00 | 0.60 | 123.00 | 02136 | 1-4 | 145 | 158.45 | 27.93 |
| | 180.00 | 1.00 | 180.00 | | | 145 | 158.45 | 21.55 |
| Carrie Wood | 160.00 | 0.90 | 144.00 | 04516 | 1-2 | 145 | 158.45 | |
| | 89.79 | 5.60 | 502.82 | | | 145 | 158.45 | |
| Dan Eller | 200.00 | 0.60 | 120.00 | 04281 | 1-2 | 145 | 158.45 | 24.93 |
| Eric A. Smith | 191.07 | 2.80 | 535.00 | 99112 | 4-7 | 185 | 202.15 | |
| | 175.00 | 0.20 | 35.00 | | | 185 | 202.15 | |
| | 165.00 | 16.60 | 2,739.00 | | | 185 | 202.15 | |
| | 40.22 | 2.50 | 100.55 | | | 185 | 202.15 | |
| Jeffrey R. Jones | 195.00 | 0.70 | 136.50 | 01309 | 2-5 | 151.5 | 165.55 | 20.62 |
| | 190.00 | 1.70 | 323.00 | | | 151.5 | 165.55 | 41.57 |

Exhibit 1

03 CV 865

| Attorney | Rate | Hours | Fee | Bar No. | Years Exp. | 2002 Survey Rate | Updated Rate | Disallowed Fees |
|---|---|---|---|---|---|---|---|---|
| Michael Furlong | 190.00 | 9.50 | 1,805.00 | 02308 | 1-4 | 145 | 158.45 | 299.77 |
| Mario J. Madden | 231.28 | 0.50 | 115.64 | 99316 | 4-7 | 185 | 202.15 | 14.56 |
| Ryan P. Steen | 150.00 | 21.60 | 3,240.00 | 03466 | 1-2 | 145 | 158.45 | |
| Russel Roberston | 190.00 | 0.20 | 38.00 | UNKNOWN | | | | 5,719.90 |
| | 175.99 | 5.70 | 1,003.14 | | | | | |
| | 175.98 | 4.60 | 809.51 | | | | | |
| | 175.96 | 0.25 | 43.99 | | | | | |
| | 175.95 | 0.20 | 35.19 | | | | | |
| | 175.90 | 0.10 | 17.59 | | | | | |
| | 175.00 | 17.10 | 2,992.50 | | | | | |
| | 160.00 | 1.00 | 160.00 | | | | | |
| | 158.97 | 3.50 | 556.40 | | | | | |
| | 158.95 | 0.40 | 63.58 | | | | | |
| Steven Miller | 175.00 | 0.70 | 122.50 | UNKNOWN | | | | 122.50 |
| Alexander Williams | 110.00 | 0.30 | 33.00 | UNKNOWN | | | | 33.00 |
| Deric Luoto | 140.78 | 0.50 | 70.39 | UNKNOWN | | | | 942.12 |
| | 140.00 | 0.50 | 70.00 | | | | | |
| | 127.17 | 0.30 | 38.15 | | | | | |
| | 127.16 | 0.50 | 63.58 | | | | | |
| | 125.00 | 5.60 | 700.00 | | | | | |
| Jacqueline Bollinger | 130.00 | 8.50 | 1,105.00 | UNKNOWN | | | | 1,105.00 |
| Kathleen Fowzer | 110.00 | 2.90 | 319.00 | UNKNOWN | | | | 319.00 |
| Kathy Severns | 115.00 | 2.10 | 241.50 | UNKNOWN | | | | 291.50 |
| | 100.00 | 0.50 | 50.00 | | | | | |
| Loridel T. Buss | 65.00 | 0.43 | 27.95 | UNKNOWN | | | | 27.95 |
| Mark D. Ludwick | 100.00 | 29.85 | 2,985.00 | UNKNOWN | | | | 2,985.00 |
| Mary O'Brien | 130.00 | 0.50 | 65.00 | UNKNOWN | | | | 65.00 |

Exhibit 1

03 CV 865

| Attorney | Rate | Hours | Fee | Bar No. | Years Exp. | 2002 Survey Rate | Updated Rate | Disallowed Fees |
|---|---|---|---|---|---|---|---|---|
| Tina S. Granados | 140.00 | 1.70 | 238.00 | UNKNOWN | | | | 238.00 |
| Jeff Totten | 125.00 | 12.40 | 1,550.00 | 05399 | 1 | 145 | 158.45 | |
| Rosemary S. Cox | 90.00 | 1.00 | 90.00 | UNKNOWN | | | | 90.00 |
| Jill S. Chickering | 90.00 | 0.30 | 27.00 | UNKNOWN | | | | 27.00 |
| | | 582.98 | 133,499.69 | | | | | 12,548.13 |

**Fee Requested**          128,350.75

**Total Fees Allowed**     **115,802.62**

| | Hours | Fees |
|---|---|---|
| Aff'd Amounts | 607.28 | 128,350.75 |
| Difference | -24.3 | 5,148.91 |
| Exhibit A | 551.28 | 128,350.75 |
| Difference | 31.7 | 5,148.94 |

Exhibit 1

Cost Bill

Exhibit 1

| | |
|---|---|
| Online Research | 417.44 |
| Acounting Fees | 1,750.00 |
| Unidentified Misc. | 1,825.00 |
| Total Disallowed | 3,992.44 |
| Costs Requested | 18,504.66 |
| **Total Allowed** | **14,512.22** |